UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDDIE TROWELL, Jr., : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:18cv460(MPS) |
| v. : | |
| : | |
| RN JAMIE, : | |
| Defendant. : | |

# INITIAL REVIEW ORDER

The plaintiff, Freddie Trowell, Jr., was incarcerated at the MacDougall-Walker Correctional Institution when he initiated this action, but now resides in Bridgeport, Connecticut. resides in Bridgeport, Connecticut. He has filed a civil rights complaint against Nurse Jamie.

## I.     Legal Standard

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* This standard of review is applicable when an inmate is proceeding *in forma pauperis* as well as when an inmate has paid the filing fee. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a plaintiff need not include detailed allegations, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II.     Factual Allegations

Jamie is described as a registered nurse who works at 1106 North Avenue in Bridgeport, Connecticut. *See* Compl., ECF No. 1 at 3. The court takes judicial notice of the fact that Bridgeport Correctional Center ("Bridgeport Correctional") is located at 1106 North Avenue in Bridgeport, Connecticut. *See* Connecticut State Department of Correction website available at http://portal.ct.gov/DOC (Facilities - Bridgeport Correctional Center).

During the year preceding the filing of this action, the plaintiff suffered from a rash all over his body. *See* Compl. at 5 ¶ 1. The rash has left scars and bumps on the plaintiff's body and has caused his skin to be dry. *See id.* The plaintiff claims that at least fifteen other inmates have suffered from a similar rash. *See id.*

On an unidentified date, the plaintiff "was seen" at Bridgeport Correctional because of his rash. *See id.* The plaintiff believes that his rash was caused by the Department of Correction's "water system." *See id.* The plaintiff states that the water at Bridgeport

Correctional smelled like it came from the sewer. *See id.*

At some later point, prison officials at Bridgeport Correctional transferred the plaintiff to another prison facility within Connecticut. *See id.* At the new facility, the water smelled like it had come from the sewer. *See id.* After showering at the new facility, the plaintiff feels unclean and his skin feels dry. *See id.*

The plaintiff has informed the medical department about the foul-smelling water at the facilities in which he has been confined. Medical staff members do not believe that the condition of the water at the various facilities was the cause of the plaintiff's rash. *See id.*

The plaintiff cannot afford lotion from the commissary to alleviate the symptoms of his skin condition. *See id.* In response to the plaintiff's request for lotion to alleviate his itchy skin, a medical staff member provided him with a small tube of cream. *See id.* The cream did not alleviate his symptoms. *See id.* The plaintiff argued with the medical department in order to receive a lotion for his skin rash. *See id.* Eight to nine months after the rash became apparent, the plaintiff received lotion from the medical department. *See id.* The rash is still itchy and it hurts. *See id.* at 5-6. The plaintiff seeks compensatory damages. *See id.* at 6.

## III. Discussion

The plaintiff does not allege that the defendant violated any federal law or constitutional provision. He also does not specifically allege any actions by Nurse Jamie. Construed liberally, he suggests that the Department of Corrections neglected or failed to care about his wellbeing or health. Specifically, in the first paragraph on page six of the complaint, the plaintiff states that he is seeking justice in response to the lack of care by the Department of Correction for his health and wellbeing and the lack of care by the Department of Correction for the wellbeing of

3

other inmates. *See* Compl., ECF No. 1 at 6 ¶ 1. In his demand for relief, the plaintiff states that he seeks monetary damages in order to deter the defendant from engaging in this type of conduct, "neglect towards me or any one else in the future." *See id.* at 6 (Demand for Relief).

### A. Claims on Behalf of Other Inmates

Mr. Trowell is the only named plaintiff and the only individual to have signed the complaint. *See* Compl. at 1, 9. He does not assert that he is a lawyer. Courts have held consistently that individuals, including inmates, do not have standing to sue on behalf of other individuals. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party") (internal quotation marks and citations omitted); *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("Another prudential [limit on standing is the] principle is that a plaintiff may ordinarily assert only his own legal rights, not those of third parties."); *Rainey v. Ponte*, No. 16 CIV. 6336 (ER), 2017 WL 3267746, at *3 (S.D.N.Y. July 31, 2017) (dismissing inmate's claims against correctional officers and officials due to lack of standing because inmate did "not allege that he ha[d] been personally harmed[] and because a *pro se* plaintiff cannot bring claims on behalf of others"); *Swift v. Tweddell*, 582 F. Supp. 2d 437, 449 (W.D.N.Y. 2008) (holding inmate "lack[] standing . . . to assert claims on other inmates' behalf") (citation omitted).

As an inmate and a non-lawyer, the plaintiff may only assert claims and requests for relief that are personal to him. To the extent that the plaintiff seeks to assert claims and requests for relief on behalf of other inmates, the claims and requests for relief are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

B.	Plaintiff's Claims

The plaintiff alleges that the Department of Corrections (and perhaps Nurse Jamie, although the complaint does not so allege) treated him with neglect and lacked due care for his medical condition, which he believed was caused by a water problem at prison facilities in which he was confined over the past year, including Bridgeport Correctional. Claims of negligence, however, are not cognizable in a section 1983 action. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (an allegation of "mere negligen[t]" conduct is insufficient to meet the deliberate indifference prong of an Eighth Amendment conditions claim); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("negligen[ce] in diagnosing or treating a medical condition" does not violate the Eighth Amendment); *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (The second prong of the deliberate indifference standard under Fourteenth Amendment standard applicable to claims of pretrial detainees "requires proof . . . that an official acted intentionally or recklessly, and not merely negligently.") The claims of negligent conduct in connection with the provision of inadequate treatment for the plaintiff's rash and in response to the plaintiff's contention that malodorous water at Bridgeport Correctional was the cause of his rash are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

The court will not construe this action as brought pursuant to the court's diversity jurisdiction because the plaintiff only seeks damages in excess of $10,000.00 and there are no facts to suggest diversity of citizenship between the plaintiff and Nurse Jamie. *See* 28 U.S.C. §

5

1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different states; [or] (2) citizens of a State and citizens or subjects of a foreign state"). Diversity of citizenship exists when "no plaintiff and no defendant [] are citizens of the same State." *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 388 (1998). The plaintiff describes the defendant as a nurse who works at Bridgeport Correctional. The plaintiff was confined at a prison facility in Suffield, Connecticut when he initiated this action, but now resides in Bridgeport, Connecticut. *See* Compl. at 2; Notice of Change of Address, ECF No. 11. The plaintiff's demand for relief seeks a "judgment of an excess amount of $10,000.00, including attorney fees." Compl. at 6.

## ORDERS

**In accordance with the foregoing analysis, the court enters the following orders:**

(1) The claims asserted on behalf of other inmates and the plaintiff's negligence claims asserted pursuant to section 1983 are **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1). If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(2) The Clerk is directed to enter judgment for the defendant and close this case.

SO ORDERED at Hartford, Connecticut this ___19th___ day of ___June___, 2018.

/s/
Michael P. Shea
United States District Judge